UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

CIVIL ACTION NO. 2005-135

CHRISTINE SUWALA                                          PLAINITFF

vs.                    **OPINION AND ORDER**

PROGRESSIVE INSURANCE CO.                                 DEFENDANT

and

HUMANA OF CHICAGO, INC.                                   DEFENDANT

I.    Introduction

This action concerns Plaintiff's allegations under the Unfair Claims Settlement Act against Progressive and Humana. Plaintiff seeks to have her Basic Reparations Benefits paid by her auto insurance carrier, Progressive, to her health carrier, Humana. She also seeks compensatory damages, punitive damages and attorney's fees. Jurisdiction is based on diversity of citizenship. This matter is before the Court for consideration of Plaintiff's Motion to Remand (Doc. # 3).

II    Factual Background

For the purposes of this Motion to Remand, the facts are stated briefly. The Plaintiff originally filed this action in Kenton County Circuit Court on June 14, 2005. Defendants then removed the case to this Court on July 12, 2005. Plaintiff filed her Motion to Remand on July 20, 2005 and Defendant filed its Response on August 5, 2005. The Motion to Remand is based

1

upon Plaintiff's position that the amount in controversy does not exceed the $75,000.00 jurisdictional requirements of the Court. As allowed by state law, the complaint did not state a specific amount in its prayer for relief. Moreover, after the case was removed to Federal court, Plaintiff filed a stipulation that she is not seeking relief in excess of $75,000.00. Defendant maintains that jurisdiction here is proper because the amount in controversy may go above $75,000.00.

**III   Analysis**

The Court is asked to consider whether remand is appropriate where the amount in controversy may exceed the $75,000.00 jurisdictional requirement but where Plaintiff has filed a post-removal stipulation that the amount in controversy will not exceed $75,000.00, and where the initial complaint was not specific as to the dollar amount of the relief sought?

Plaintiff moves for remand based upon the fact that her complaint was unspecified as to the damages sought and the fact that, subsequent to the case having been removed, she has filed a stipulation that she will not seek over $75,000.00 in damages.

Defendant claims that this case is properly in this court because the amount in controversy may exceed $75,000.00. The complaint alleges claims for bad faith. Defendant believes that plaintiffs who allege bad faith claims consistently seek more than $75,000.00 in damages. That, plus the basic reparations benefits that Plaintiff seeks, will put this case past the jurisdictional requirement.

According to the following analysis, the Court finds that this matter should be remanded. Defendant has not met its burden to prove that "it is more likely than not" that the amount in

2

controversy will exceed $75,000.00. There is nothing in the complaint, the notice of removal nor the remaining record to indicate that the Plaintiff will seek more than $75,000.00.

Judge Hood recently addressed the requirements for removal and remand in *Ratliff v. Merck & Company, Inc.*, 359 F. Supp. 2d 571 (E.D.Ky. 2005). The general law on removal is stated therein as follows:

> Generally, a civil case brought in the state court maybe removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. §1441(a). A federal court has original jurisdiction over suits between citizens of different states and in which the amount in controversy exceeds $75,000, exclusive of costs and interest. 28 U.S.C.§ 1332(a). A defendant seeking to remove a case bears the burden of proving the diversity requirements upon a motion to remand filed by the plaintiff. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28; *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993). Additionally, district courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court. *Fenger v. Idexx Labs., Inc.*, 194 F. Supp.2d 601, 602-03 (E.D.Ky. 2002); *Miller v. PPG Indus., Inc.*, 237 F. Supp.2d 756, 759 n. 5 (W.D. Ky. 2002; *Cole v. Great Atl. & Pac. Tea Co.*, 728 F. Supp. 1305, 1307 (E.D. Ky. 1990)(quoting *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D. Ky. 1967)("It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction . . . . Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.")). Moreover, "[g]enerally, because the plaintiff is the 'master of the claim,' a claim specifically less than the federal requirement should preclude removal." *Egan v. Premier Scales & Sys.*, 237 F. Supp.2d 774, 776 (W.D. Ky 2002)(quoting *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir 2000).

*Ratliff,* 359 F. Supp.2d at 573-74.

Federal jurisdiction, including the amount in controversy, is determined as of the time of

removal. *National Nail Corp. v. Moore,* 139 F. Supp. 2d 848, 849 (W.D. Mich. 2001)*(citing Gafford v. Gen'l Elec. Co.,* 997 F.2d 150, 158 (6th Cir 1993). The amount in controversy is determined by the allegations in the complaint. *Id.* at 850. "If the complaint is not dispositive, a court looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute. *Id. (citing Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). To overcome the presumption against removal, however, the removing party must set forth more than theoretical or speculative claims that might take the amount in controversy over the jurisdictional amount. *Ratliff,* 359 F. Supp. 2d at 576.

As observed in *Ratliff,* the burden of proof applicable removal/remand situations where there is no specified amount that is in controversy and no provision in the complaint limiting the damages amount to less than the amount in controversy requirement, is the 'preponderance of evidence' standard, otherwise stated as the 'more likely than not' standard. *Id.* at 574. (*citing Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871. (6th Cir. 2000).

It has been held that a post-removal stipulation limiting the amount in controversy will not oust the Federal court of jurisdiction, especially where there is evidence that was available prior to the removal, that the plaintiff was seeking an amount in excess of $75,000. *Rogers,* 230 F.3d at 872. In *Rogers*, the Sixth Circuit held that because "the state law would have allowed plaintiff to recover damages in excess of what she prayed for, it was 'more likely than not' that her damages would exceed $75,000 given her previous demands and representations. Plaintiff's post-removal stipulation has no effect because jurisdiction is decided as of the time of removal." *Id.* at 873.

4

Thus, where the complaint is not specific aa to the amount sought in damages, the defendant has the burden to prove that the complaint, at the time of removal, would more likely than not exceed the $75,000 amount in controversy requirement. This must be proven with more than just speculation. Moreover, a post-removal stipulation that the plaintiff will not seek more than $75,000 will not oust the Federal court of jurisdiction where there is evidence of prior representations that damages would be above $75,000 and where the state statute would allow the plaintiff to recover in excess of what she claimed.

In this case, there is no other evidence to consider but the complaint, the notice of removal and the stipulation. Therefore, we look first to the complaint and the notice of removal to determine if the case should be remanded. Defendant's allegations in the notice of removal speculate that Plaintiff's claims may exceed $75,000 because the complaint includes allegations of bad faith. Defendant offers nothing more substantive than this.

In addition, there are no prior allegations or evidence that Plaintiff is seeking more than $75,000. Therefore, the stipulation may be considered.

When considering the speculative nature of Defendant's assertions in the notice of removal, the presumption against removal, the fact that Plaintiff's complaint is not specific, and the limitation of the stipulation, there is insufficient support that the amount in controversy will 'more likely than not' meet the $75,000 jurisdictional requirement. Therefore, Plaintiff's Motion to Remand should be granted.

Therefore, the Court being advised,

**IT IS ORDERED** that the Plaintiff's Motion to Remand be, and it is, hereby **GRANTED.**

This 24rd day of August, 2005.

_William O. Bertelsman_

**WILLIAM O. BERTELSMAN, JUDGE.**